# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DANIEL M. WORDEN JR., | |
| Plaintiff, | Case No. 2:18-cv-624 |
| v. | JUDGE ALGENON L. MARBLEY |
| COMMISSIONER OF SOCIAL SECURITY, | Chief Magistrate Judge Deavers |
| Defendant. | |

## OPINION & ORDER

This matter comes before the Court on the Magistrate Judge's June 10, 2019, **Report and Recommendation**. (ECF No. 16). The Magistrate Judge recommended that the Administrative Law Judge's ("ALJ") finding of non-disability be **REVERSED** and **REMANDED** back to the ALJ under Sentence Four of 42 U.S.C. § 405(g). Defendant filed an Objection to this Report and Recommendation (ECF No. 17) and Plaintiff submitted a Response to Defendant's Objection. (ECF No. 18). This Court **ADOPTS** the Report and Recommendation in its entirety based on an independent consideration of the analysis therein.

## I.     BACKGROUND

Plaintiff, Daniel M. Worden Jr., a 45 year old divorcee with two children, worked as a dump truck driver and construction worker from approximately 1991 through 2011, when he was injured on the job. (R. at 36-37). After he was injured on the job, Plaintiff was unable to work and began receiving treatment for back pain and osteoarthritis. *Id.* In 2013, Plaintiff had back surgery, but continued to experience back pain, which he reported at his medical examinations and which his physician found unsurprising. (R. at 362-441). Plaintiff continued to experience

back pain and beginning in 2015 used a cane on and off. (R. at 502). The record shows that he used the cane more frequently over time. (R. 502-640).

In 2013 and 2015, Plaintiff filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") alleging a disability onset date of June 7, 2013. (R. at 243-55). After Plaintiff's applications were denied initially and on reconsideration, Plaintiff sought a hearing in front of an ALJ. (R. at 141-47, 153-66). Plaintiff was represented by counsel and appeared and testified before an ALJ at a hearing on April 18, 2017. (R. at 30-55). A vocational expert ("VE") appeared and testified at the hearing. (R. at 51-53).

Following the required five-step sequential analysis,[1] the ALJ found Plaintiff was not disabled under the meaning of the Social Security Act. (R. at 11-23). At step one, the ALJ found Plaintiff had not engaged in any substantial gainful activity since June 7, 2013. (R. at 14). At step two, the ALJ found Plaintiff suffered from severe impairments of degenerative disc disease of the lumbar spine, status post-surgery, and depression. *Id*. At step three, the ALJ determined

---

[1] Although a dispositive finding at any step terminates the ALJ's review, see *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the five step sequential steps are as follows:

    (i)    At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .

    (ii)    At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .

    (iii)    At the third step, we also consider the medial severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 subpart P of part 404 of this chapter and meets the duration requirement, we will find that you are disabled. . . .

    (iv)    At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .

    (v)    At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . .

20 C.F.R. § 404.1520(a)(4).

Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 14-16).

At step four, the ALJ set the Plaintiff's residual functional capacity (RFC) and determined that he could no longer perform any past relevant work. (R. at 17-21). The ALJ found Plaintiff had the ability to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) with the exception that Plaintiff could "stand or walk for four hours of an eight-hour workday." (R. at 16). Additionally, the ALJ determined Plaintiff could frequently balance, occasionally climb ramps, climb stairs, kneel, couch, crawl, and could carry out simple repetitive tasks. *Id.* The ALJ discussed Plaintiff's use of a cane that his nurse practitioner recommended when deciding the RFC but did not include it in the RFC. (R. at 17). The ALJ expressed some skepticism regarding Plaintiff's use of the cane, noting that "there is no evidence that his cane was prescribed and its usage appears more occasional and situational rather than constant." *Id.* Nonetheless, the ALJ noted Plaintiff's "pain, fatigue, reduced ranges of motion, positive clinical testing, stooped gait, sometimes need for a cane, and overall reduced function limit him to light work." (R. at 20). And, when discussing evaluations done by the state agency examiners, the ALJ stated he assigned those evaluations "significant weight" because they were supported by "a range of physical exams and imaging studies as well as the claimant's on and off need to use a cane." *Id.*

Ultimately, at step five, the ALJ determined the Plaintiff could perform jobs that exist in significant numbers in the national economy. (R. at 21-22). In making this determination, the ALJ relied on the testimony of the VE, who was asked whether jobs exist in the national

economy "for an individual with the claimant's age, education, work experience, and residual functional capacity." *Id.*

The ALJ decided that Plaintiff was not disabled under the Social Security Act. (R. at 22-23). Plaintiff requested review of the ALJ's decision, and the Appeals Council denied this request, adopting the ALJ's decision as the Commissioner's final decision on April 26, 2018. Plaintiff timely commenced the instant action, submitting a Statement of Errors alleging the ALJ erred in failing to include the Plaintiff's use of a cane in the hypothetical question posed to the VE after determining the Plaintiff used a cane "sometimes." (ECF No. 12).

On June 10, 2019, the Magistrate Judge issued a Report and Recommendation recommending that this Court reverse and remand the Commissioner's non-disability finding under 42 U.S.C. § 405(g) in accordance with the Plaintiff's Statement of Errors. (ECF No. 16). Defendant objected to the Magistrate Judge's Report and Recommendation arguing that the ALJ's decision that "Plaintiff was not disabled was and did not require a cane" was supported by substantial evidence. (ECF No. 17). Additionally, Defendant argues that a hypothetical question only needs to consist of those ailments included in the RFC. *Id.* Since the ALJ did not include cane usage in the RFC, the hypothetical question did not need to include cane usage. *Id.* The Plaintiff submitted a Response in Opposition to the Defendant's Objections. (ECF No. 18).

## II. STANDARD OF REVIEW

Upon objection to a magistrate judge's report and recommendation, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). This de novo review, in turn, requires the Court to "determine whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ

applied the correct legal criteria." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013). Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted). Substantial evidence constitutes "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if this case were being tried to a jury." *Inman*, 920 F. Supp. 2d at 863 (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)). A reviewing court has "power to enter, upon pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 505(g).

## III.    LAW AND ANALYSIS

Before the Magistrate Judge, Plaintiff asserted only one error: that the ALJ erred by failing to include the use of a cane in his hypothetical question to the VE after specifically determining that Plaintiff required the use of a cane "sometimes." The Magistrate Judge agreed with Plaintiff that the ALJ was required to include the Plaintiff's use of a cane in the hypothetical question posed to the VE. Defendant objects to the Magistrate Judge's conclusion, arguing that a hypothetical posed to a VE need only include those limitations articulated in the RFC, and that none of the other statements made by the ALJ in his decision is required to be considered when crafting the hypothetical posed to the VE. (ECF No. 17 at 6). Defendant also argues that it was "Plaintiff's burden to prove his limitations and he has failed to prove his need for a cane" and that "Plaintiff's testimony about his Nurse Practitioner [sic] vague recommendation for a cane does not rise to this exacting standing [sic]." (ECF 17 at 8).

5

Defendant confuses the standard. After weighing the evidence, the ALJ determined Plaintiff's RFC and found that Plaintiff could no longer conduct his prior work. An ALJ is responsible for deciding a claimant's RFC. (20 C.F.R. § 404.1546(c)). Although an ALJ considers the medical information presented in the record as a whole, the ultimate determination of what to include in the RFC is the sole discretion of the ALJ. *Id.; see also Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007) ("The rule that a hypothetical question must incorporate all of the claimant's physical and mental limitations does not divest the ALJ of his or her obligation to assess credibility and determine the facts.") (internal quotation marks omitted). When the ALJ determines that "a claimant does not have the RFC to perform his past relevant work," however, "the burden shifts to the Commissioner to show that the claimant possesses the capacity to perform other substantial gainful activity that exists in the national economy." *Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 844–45 (6th Cir. 2005); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). The ALJ must make findings supported by substantial evidence that the claimant has the qualifications to perform specific jobs and can rely on the testimony of a VE to do so, but only if the hypothetical questions posed to the VE "accurately portrays [claimant's] individual physical and mental impairments." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010) (determining that VE's testimony that claimant could work in a number of unskilled jobs could not serve as substantial evidence for ALJ's same conclusion because the hypothetical posed to the VE inadequately described the claimant's limitations); *Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 844–45 (6th Cir. 2005) (upholding decision of ALJ where ALJ's hypothetical to the VE was more favorable to the claimant than the RFC that the ALJ ultimately determined) (internal citations omitted). To be considered an accurate portrayal of a claimant's physical and mental impairments, a hypothetical question to a

VE must incorporate "those limitations accepted as credible by the finder of fact." *Irvin v. Soc. Sec. Admin.*, 573 F. App'x 498, 502 (6th Cir. 2014) (determining that ALJ erred by failing to include in hypothetical to VE a credited limitation); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

While the ALJ was not required to consider the Plaintiff's use of the cane in the step four analysis involving the formulation of the RFC because the cane was recommended by a nurse practitioner, the ALJ *was required* to consider the use of the cane in the step five analysis. This is because the ALJ determined that Plaintiff's use of the cane was a credible limitation. After describing the Plaintiff's RFC, the ALJ discussed the evaluations and opinions rendered by two state agency examiners. While explaining that he assigned these opinions considerable weight, the ALJ noted that opinions of the state agency examiners are "supported by a range of physical exams and imaging studies as well as the claimant's on and off need to use a cane." (R. at 20). Because he relied on the plaintiff's use of the cane to justify the evidence used to craft the RFC, the ALJ credited the plaintiff's occasional cane use. The ALJ cannot simultaneously find the use of the cane credible in the step four analysis but not credible in the step five analysis.

Ultimately, the ALJ failed to meet his burden of demonstrating that the Plaintiff can make an adjustment to other work because the hypothetical posed to the VE failed to account for Plaintiff's occasional cane use. Based on this record, the ALJ's failure to craft an adequate hypothetical is not harmless error. *Ealy*, 594 F.3d at 516.

### IV. CONCLUSION

For the reasons set forth above, Defendant's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**. Plaintiff's Response to Defendant's Objections is **SUSTAINED**. The Magistrate Judge's Report and Recommendation is hereby **ADOPTED.** The

7

Commissioner's finding of non-disability is **REVERSED** and the case **REMANDED** under Sentence Four of §405(g).

**IT IS SO ORDERED.**

                                                  <u>s/ Algenon L. Marbley</u>
                                                  **ALGENON L. MARBLEY**
                                                  **UNITED STATES DISTRICT JUDGE**

**DATED: August 28, 2019**